UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Rhonda Garner d/b/a Décor Specialties, on behalf
of herself and all others similarly situated,                    07 CV 5607 (WCC) (MDF)

                     Plaintiffs,

                  - against -

MBF Leasing, LLC, Lina Kravic, Brian Fitzgerald,
Sam Buono, and William Healy,

                     Defendants.
-----------------------------------------------------------------X

## NOTICE OF DEFENDANT WILLIAM HEALY'S MOTION TO DISMISS

PLEASE TAKE NOTICE, that upon the annexed Affidavit of William Healy, and the accompanying memorandum of law, and upon all the pleadings herein, defendant William Healy, by his counsel, Moses & Singer LLP, will move this Court before the Honorable William C. Conner, at the United States Courthouse 300 Quarropas Street, Room 630, White Plains, NY 10601 on November 27, 2007, or as soon thereafter as counsel may be heard, for an order pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint, dated June 12, 2007. of plaintiffs Rhonda Garner d/b/a Décor Specialties, on behalf of herself and all others similarly situated, and for such further relief as this Court deems just and proper.

//

//

//

634043v1  011082.0102

Dated: New York, New York
       October 5, 2007

          MOSES & SINGER LLP
          Attorneys for Defendants

          By: ___/s/ Abraham Y. Skoff_____
              Abraham Y. Skoff (AS-5330)

          The Chrysler Building
          405 Lexington Avenue
          New York, New York  10174
          Tel. 212-554-7800
          Fax 212-554-7700
          askoff@mosessinger.com


          OF COUNSEL (Pro Hac Admission pending)

          John M. Heaphy
          HARRISON & HELD
          333 West Wacker
          Suite 1700
          Chicago, Illinois  60606
          Tel.  312-753-6160
          Fax. 312-753-6159
          jheaphy@harrisonheld.com

**TO**:  CHITTUR & ASSOCIATES, P.C.
 286 Madison Avenue Suite 1100
 New York, New York 10017

 AND

 LOCKS LAW FIRM, PLLC
 Seth R. Lesser, Esq.
 110 East 55th Street
 12th Floor
 New York, New York 10022

 *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Rhonda Garner d/b/a Décor Specialties, on behalf
of herself and all others similarly situated,       07 CV 5607 (WCC) (MDF)

               Plaintiffs,

        - against -

MBF Leasing, LLC, Lina Kravic, Brian Fitzgerald,
Sam Buono, and William Healy,

               Defendants.

------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF WILLIAM HEALY'S
MOTION TO DISMISS PURSUANT TO RULES 12(b)(2) AND 12(b)(6)**

    Defendant William Healy submits the following memorandum of law in support of his Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

    Plaintiff Rhonda Garner ("Plaintiff") has filed a complaint naming as defendants MBF Leasing, LLC, a New York limited liability company ("MBF-New York") and several individual defendants, including Mr. Healy. The complaint asserts claims arising out of the execution and enforcement of a lease entered into between Plaintiff and MBF-New York. Plaintiff is a resident of California and MBF-New York has its principal place of business in New York. The complaint asserts that Mr. Healy was an officer of MBF-New York. Mr. Healy is not, and never has been, an officer, employee or owner of MBF-New York. Moreover, Mr. Healy, is a resident of Illinois, has never resided or worked in New York and has had no contact with New York that is related to the claims

634049v1  011082.0102

raised by Plaintiff. In fact, Mr. Healy had no involvement in the negotiation or execution of the lease at issue, nor was he involved in any collection or enforcement activities.

This Court lacks personal jurisdiction over Mr. Healy and the claims against Mr. Healy should be dismissed pursuant to Rule 12(b)(2). Furthermore, for the reasons stated in the motion submitted by the remaining defendants, Plaintiff has failed to state a claim against the defendants and, therefore, the claims against Mr. Healy should also be dismissed pursuant Rule 12(b)(6).

## SUMMARY OF THE CASE

Plaintiff allegedly entered into a lease agreement with MBF-New York, pursuant to which Plaintiff leased certain equipment related to the processing of credit card transactions. That lease was signed by Plaintiff and MBF-New York. The claims all relate to the negotiation, execution and enforcement of that lease.

Plaintiff asserts a number of claims against the defendants arising entirely from that lease transaction. The claims that appear to be asserted against Mr. Healy, even though he is not individually identified anywhere in the complaint other than in paragraph 7, are claims for (a) violation of the Fair Credit Reporting Act in connection with enforcing the lease (Count I), (b) violation of the insurance laws in connection with certain amounts charged under the lease (Count II), (c) fraud in connection with the execution of the lease (Count IV) and (d) claims that the parties conspired in connection with the aforementioned actions (Counts V and VI).[1]

All of the claims against Mr. Healy are based solely on the allegation in paragraph 7 of the Complaint that Mr. Healy was the president of MBF-New York. Nowhere else in the complaint is Mr. Healy even mentioned by name in connection with any of the

---

[1] The remaining claims in Counts III, VII and VIII do no assert claims against Mr. Healy.

allegedly wrongful acts. This allegation is also apparently the sole basis for asserting personal jurisdiction over Mr. Healy in the New York. However, that allegation is simply incorrect. Mr. Healy is not, and has never been, an officer, employee, director or member of MBF-New York, much less MBF-New York's president. (Affidavit of William Healy ("Healy Aff."), ¶ 2). Mr. Healy is a resident of Illinois and has never resided in New York and he owns no property in New York, has no employees in New York and has no bank accounts in New York. (Healy Aff., ¶ 3). Mr. Healy has never had any business dealings with Plaintiff in New York, or anywhere else for that matter, and he has never had any contact with New York regarding Plaintiff's lease. (Healy Aff., ¶¶ 3 and 9). Furthermore, neither Mr. Healy, nor any company he was associated with, was a signatory to the lease and Mr. Healy was not involved in soliciting, negotiating, executing, collecting on or enforcing the lease with Plaintiff or any other lease signed by MBF-New York. (Healy Aff., ¶¶ 5 and 8).

Given that Mr. Healy has had no contacts with New York related to Plaintiff's claims, this Court lacks personal jurisdiction over Mr. Healy. Furthermore, for the reasons set forth in the motion to dismiss filed by the remaining defendants in this matter, Plaintiff has failed to state a cause of action against Mr. Healy.

### ARGUMENT

This Court should dismiss the claims in the complaint asserted against Mr. Healy (i) pursuant to Rule 12(b)(2) because this Court lacks personal jurisdiction over Mr. Healy and (ii) pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim against Mr. Healy.

A.     **The Court Has No Personal Jurisdiction Over William Healy**

This Court does not have personal jurisdiction over Mr. Healy because he does not live, work or do business in New York, and because he did not do anything either inside or outside of New York that gives rise to any of the claims asserted in the complaint. Plaintiff therefore cannot establish either general jurisdiction over Mr. Healy under New York Civil Practice Law and Rules ("CPLR") § 301, or specific jurisdiction over Mr. Healy under CPLR § 302.

The sole allegation in the complaint that addresses Mr. Healy by name, paragraph 7, fails to set forth any facts on which jurisdiction could be based. It alleges only that Mr. Healy is the president of MBF-New York. As demonstrated above, that allegation is false. No other facts about Mr. Healy's connection to New York or connection to Plaintiff's lease are alleged. The complaint utterly fails to allege any facts to support a claim that Mr. Healy performed any acts related to the complaint, much less that he performed those acts in New York.

As set forth in the accompanying Affidavit of William Healy, there can be no good faith allegation that Mr. Healy has sufficient contacts with New York, because he does not. He lives and works in Illinois (Healy Aff., ¶3). He has never lived in New York and he has had no contact with New York related to Plaintiff (Healy Aff., ¶¶ 8 and 9).

Mr. Healy had absolutely no involvement with, or knowledge of, Ms. Garner or the lease, until being named in this action as a defendant. He has never met Ms. Garner, has never spoken to her, and has never had any other communication with her. Neither Mr. Healy, nor any company he was associated with, signed the lease. Moreover, Mr.

Healy had no involvement with the solicitation, negotiation, execution or enforcement of the lease, which are the actions that give rise to the claims set forth in Plaintiff's complaint.

### 1. Mr. Healy Is Not Subject to General Jurisdiction

CPLR § 301 provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." Under CPLR § 301, general personal jurisdiction is established if a person[2] is "doing business" in New York. "The New York Court of Appeals has interpreted this provision to mean that a foreign [defendant] is amenable to suit in [New York] if it is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Realuyo v. Abrille, 93 Fed. Appx. 297 (2nd Cir. 2004) (citing Frummer v. Hilton Hotels Int'l, Inc., 19 N.Y.2d 533, 536, 227 N.E.2d 851, 281 N.Y.S.2d 41 (1967), cert. denied, 389 U.S. 923 (1967)) (internal quotation marks omitted). To determine whether a defendant is doing business in New York, a court considers the following factors: "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." Digital Lab Solutions, LLC v. Stickler, 2007 WL 700821 (S.D.N.Y. Mar 07, 2007); see also Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir. 2000). No single criterion is determinative in assessing

---

[2] As the district court noted in First Capital Asset Management, Inc. v. Brickelbush, Inc., 218 F. Supp. 2d 369, 392 (S.D.N.Y. 2002), "New York courts do not agree on whether a natural person may be subject to 'doing business' jurisdiction under Section 301." Compare ABKCO Indus., Inc. v. Lennon, 52 A.D.2d 435, 384 N.Y.S.2d 781 (1st Dep't 1976), with Nilsa B.B. v. Clyde Blackwell H., 84 A.D.2d 295, 445 N.Y.S.2d 579 (2d Dep't 1981). In Laufer v. Ostrow, 55 N.Y.2d 305, 313-14, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982), the New York Court of Appeals sidestepped the issue, finding that, even assuming that an individual who in fact is doing business is subject to jurisdiction, the defendant's in-state activity was not sufficient to satisfy the doing-business standard. Here, as in Laufer, the Court also need not address the issue because Mr. Healy's in-state activity is clearly not sufficient to satisfy the doing business standard.

whether general personal jurisdiction has been established. <u>Mones v. Commercial Bank of Kuwait, S.A.K.</u>, 2007 WL 2200706, at *3 (S.D.N.Y. July 31, 2007). Rather, the courts consider the totality of the defendant's contacts with the State. <u>Id</u>.

Here, none of the indicia of general jurisdiction are present. Mr. Healy neither lives nor works in New York. He does not, and has not, worked for a company in New York. Mr. Healy does not own property in New York, has no employees in New York and does not have bank accounts in New York. There are simply no facts that would support a claim that Mr. Healy has engaged in a continuous and systematic course of doing business in the State. Accordingly, he is not subject to general personal jurisdiction in New York.

### 2.   Mr. Healy Is Not Subject to Specific Jurisdiction

Mr. Healy is also not subject to specific personal jurisdiction in New York under CPLR § 302(a). The only provisions of CPLR § 302(a) that could even arguably apply to Mr. Healy are CPLR §§ 302(a)(2) and (3). However, neither of these provisions allow this Court to exercise personal jurisdiction over Mr. Healy.

Pursuant to CPLR § 302(a)(2), " … a court may exercise personal jurisdiction over any non-domiciliary … who in person … : (2) commits a tortious act within the state … ." The statute "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." <u>Bensusan Restaurant Corp. v. King</u>, 126 F.3d 25, 28-29 (2d Cir. 1997) (citing <u>Feathers v. McLucas</u>, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965)).

There is no allegation in the complaint that Mr. Healy committed any act in the State of New York, much less a tortious act. The affidavit he submits in support of this

motion demonstrates conclusively that he did not perform any acts in New York and that he did not perform any acts in connection with Plaintiff or her lease. Mr. Healy had no contacts whatsoever with Plaintiff, has never met her, and has never communicated with her. Given that Mr. Healy performed no acts in New York and that he performed no acts in connection with the Plaintiff or her lease, he cannot have committed a tortious act in New York State giving rise to Plaintiff's claim.

Mr. Healy is also not subject to specific jurisdiction under CPLR § 302(a)(3), which permits jurisdiction over a defendant who:

> commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce

First, the statute requires that an injury be caused to a "person or property within [New York]." It is undisputed that Plaintiff is a California resident (Complaint, ¶ 5) and any injury caused by the acts alleged in the complaint would also have occurred in California. Accordingly, CPLR § 302(a)(3) is inapplicable for that reason alone.

Secondly, "[t]he exercise of jurisdiction pursuant to section 302(a)(3) requires, at a bare minimum, that the complaint adequately allege a tortious act committed by the [defendant]." Anderson v. Indiana Black Expo, Inc., 81 F. Supp. 2d 494, 504 (S.D.N.Y. 2000). Mr. Healy did not commit a tortious act, either inside or outside New York that caused injury to Plaintiff. In fact Mr. Healy had absolutely no involvement with the

Plaintiff or her lease. Furthermore, as shown by his declaration, Mr. Healy does not regularly solicit business in the State of New York, nor did he perform any act he could have "reasonably expected" to have consequences in New York. For these reasons CPLR § 302(a)(3) does not permit this Court to exercise personal jurisdiction over Mr. Healy.

Because there is neither general, nor specific, jurisdiction under CPLR §§ 301 or 302 over Mr. Healy, the complaint should be dismissed as against him for lack of personal jurisdiction.

### B. Plaintiff Has Failed to State A Claim Against William Healy

Mr. Healy hereby adopts the arguments and authorities set forth in the motion to dismiss filed by the remaining defendants in this case. Based on those arguments and authorities, the claims against Mr. Healy should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim against Mr. Healy upon which relief can be granted.

### CONCLUSION

For the reasons set forth above, and set forth in the remaining defendants motion to dismiss pursuant to Rule 12(b)(6), this Court should dismiss the claims against Mr. Healy pursuant to Rules 12(b)(2) and 12(b)(6) because (i) this Court lacks personal jurisdiction over Mr. Healy and (ii) Plaintiff has failed to state a claim against Mr. Healy upon which relief can be granted.

Dated: New York, New York
October 5, 2007

                            MOSES & SINGER LLP
                            Attorneys for Defendants

                            By:   /s/ Abraham Y. Skoff
                                  Abraham Y. Skoff (AS-5330)

                            The Chrysler Building
                            405 Lexington Avenue
                            New York, New York  10174
                            Tel. 212-554-7800
                            Fax 212-554-7700
                            askoff@mosessinger.com


                            OF COUNSEL (Pro Hac Admission pending)

                            John M. Heaphy
                            HARRISON & HELD
                            333 West Wacker
                            Suite 1700
                            Chicago, Illinois  60606
                            Tel.  312-753-6160
                            Fax.  312-753-6159
                            jheaphy@harrisonheld.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rhonda Garner d/b/a Decor Specialties, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MBF Leasing, LLC, Lina Kravic, Brian Fitzgerald, Sam Buono, and William Healy,<br><br>    Defendants. | Case No. 07 CV 5607<br><br>Judge Conner |

## AFFIDAVIT OF WILLIAM HEALY

I, William Healy, state and depose as follows:

1. I am over eighteen years of age and I have personal knowledge of the facts stated herein.

2. I am not currently, and never have been, an officer, director, employee, member or manager of MBF Leasing, LLC that was organized under the laws of the State of New York and is a named defendant in this action ("MBF-New York").

3. I do not reside in New York. I have never resided in New York. I have had no dealings with the plaintiff or her lease in either New York or anywhere else. I do not own property in New York, I have no employees in New York and I have no bank accounts in New York.

4. My only relationship to MBF-New York, was that a company in which I own an interest had a contractual relationship with MBF-New York. The name of that company was also MBF Leasing, LLC ("MBF-Illinois").

5. MBF-Illinois was organized under the laws of the state of Illinois, had its only place of business in Illinois and its ownership was entirely distinct from the

ownership of MBF. MBF-Illinois has never had any offices or employees in New York, it is not qualified to do business in New York and it has not conducted any business in New York.

6. Neither I, nor MBF-Illinois, ever signed any leases on behalf of MBF-New York.

7. In late 2005 MBF-Illinois sold its assets to MBF-New York. Those assets consisted mainly of obligations on the part of MBF-New York to make payments to MBF-Illinois pursuant to the contract between the two entities. Following the sale MBF-Illinois changed its name to MBF Merchant Capital, LLC.

8. I have never had any contact with Rhonda Garner. I was not involved in soliciting, negotiating, executing, collecting on or enforcing the lease with Ms. Garner or any other lease signed by MBF-New York.

9. I have had no contact with the State of New York relating to Ms. Garner's lease.

10. My contact with New York related to contractual relationship between MBF-New York and MBF-Illinois consisted of one trip to New York prior to signing the initial contract. Following that trip, all discussions and communications were by telephone, facsimile or email.

FURTHER SAYETH AFFIANT NOT.

VERIFICATION

Pursuant to 28 U.S. Code Section 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
William Healy