UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Rhonda Garner d/b/a Décor Specialties, on behalf
of herself and all others similarly situated,    07 CV 5607 (CM)
                                                 ECF CASE

                  Plaintiffs,

       - against -

MBF Leasing, LLC, Lina Kravic, Brian Fitzgerald,
Sam Buono, and William Healy,

                  Defendants.
------------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF WILLIAM HEALY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(2) AND 12(b)(6)

Defendant William Healy submits the following memorandum in support of his Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

### INTRODUCTION

Plaintiff Rhonda Garner ("Plaintiff") filed her first complaint in this matter naming as defendants MBF Leasing, LLC, a New York limited liability company ("MBF-New York") and several individual defendants, including Mr. Healy. That complaint asserted claims arising out of the execution and enforcement of a lease entered into between the plaintiff and MBF-New York. Plaintiff is a resident of California and MBF-New York has its principal place of business in New York. The original complaint asserted that Mr. Healy was an officer of MBF-New York. Mr. Healy is not, and never has been, an officer, employee or owner of MBF-New York. Moreover, Mr. Healy, is a resident of Illinois, has never resided or worked in New York and has had no contact with

123949_1                              1

New York that is related to the claims raised by the Plaintiff. In fact, Mr. Healy had no involvement in the negotiation or execution of the lease at issue, nor was he involved in any collection or enforcement activities. Mr. Healy promptly moved to dismiss the original complaint on the grounds that this Court lacked personal jurisdiction over him and because that complaint failed to state a claim against him.

Recognizing that there was no factual support for the allegation in the original complaint that Mr. Healy was an officer of MBF-New York, and that there were a number of other deficiencies in the original complaint, Plaintiff did not respond to the motion to dismiss, but instead filed her First Amended Complaint ("Amended Complaint").

In the Amended Complaint Plaintiff no longer alleges that Mr. Healy was an officer or employee of MBF-New York, but instead acknowledges that he was an officer of a company based in Illinois. Plaintiff alleges no specific facts supporting her claim that Mr. Healy under any of the claims she has pled, but instead just pleads general conclusions that all of the "defendants" engaged in all of the acts alleged. These general conclusions are untrue with regard to Mr. Healy. However, even if these allegations were sufficient to state a claim and are accepted as true for the purposes of this motion, Plaintiff has not[1], and cannot, plead any facts that demonstrate that this Court has personal jurisdiction over Mr. Healy.

This Court lacks personal jurisdiction over Mr. Healy and the claims against Mr. Healy should be dismissed pursuant to Rule 12(b)(2). Furthermore, for the reasons stated

---

[1] It should be noted that Plaintiff failed to plead any facts showing personal jurisdiction over Mr. Healy in her First amended Complaint, even though, as a result of the first motion to dismiss, she knew Mr. Healy was contending that he did not have sufficient contacts with New York to justify this Court exercising personal jurisdiction.

in the motion submitted by the remaining defendants, Plaintiff has failed to state a claim against the defendants and, therefore, the claims against Mr. Healy should also be dismissed pursuant Rule 12(b)(6).

## SUMMARY OF THE CASE

Plaintiff allegedly entered into a lease agreement with MBF-New York, pursuant to which Plaintiff leased certain equipment related to the processing of credit card transactions. That lease was signed by the Plaintiff and MBF-New York. The claims all relate to the negotiation, execution and enforcement of that lease.

Plaintiff asserts a number of claims against the defendants arising entirely from that lease transaction. The claims that appear to be asserted against Mr. Healy, even though he is not individually identified anywhere in the Amended Complaint other than in paragraph 4, are claims for (a) violations of the Fair Credit Reporting Act in connection with enforcing the lease (Count I - IV), (b) violations of the New York Fair Credit Reporting Act in connection with enforcing the lease (Counts V-VIII), (c) violation of the insurance laws in connection with certain amounts charge under the lease (Count IX), (d) aiding, abetting and inducing MBF-New York to breach the lease with Plaintiff (Count XI), (e) claims that the parties conspired in connection with the aforementioned actions (Counts XII and XIII) and (f) defamation in connection with making reports to the credit reporting agencies (Count XVI).[2]

All of the claims against Mr. Healy are based solely on the allegation in paragraph 4 of the Amended Complaint, which alleges that Mr. Healy was the president of a separate and distinct Illinois entity that had some undefined "business relationship" with

---

[2] The remaining claims in Counts X, XIV and XV do no assert claims against Mr. Healy.

MBF-New York.[3]  Nowhere else in the complaint is Mr. Healy even mentioned by name in connection with any of the allegedly wrongful acts.  This allegation is also apparently the sole basis for asserting personal jurisdiction over Mr. Healy in the New York.  However, this allegation provides no basis for this Court to exercise personal jurisdiction over Mr. Healy. Mr. Healy is not, and has never been, an officer, employee, director or member of MBF-New York.  (Affidavit of William Healy ("Healy Aff."), ¶ 2).  Mr. Healy is a resident of Illinois and has never resided in New York; he owns no property in New York; he has no employees in New York; and he has no bank accounts in New York.  (Healy Aff., ¶ 3).  Mr. Healy has never had any business dealings or contact with the Plaintiff in New York, or anywhere else for that matter, and has never had any contact with New York regarding Plaintiff's lease.  (Healy Aff., ¶¶ 3 and 9).  Furthermore, neither Mr. Healy, nor any company he was associated with, was a signatory to the lease and Mr. Healy was not involved in soliciting, negotiating, executing, collecting on or enforcing the lease with Plaintiff or any other lease signed by MBF-New York.  (Healy Aff., ¶¶ 5 and 8).

Given that Mr. Healy has had no contacts with New York related to the Plaintiff's claims, this Court lacks personal jurisdiction over Mr. Healy.  Furthermore, for the reasons set forth in the motion to dismiss filed by the remaining defendants in this matter, Plaintiff has also failed to state a cause of action against Mr. Healy.

## ARGUMENT

This Court should dismiss the claims in the Amended Complaint asserted against Mr. Healy (a) pursuant to Rule 12(b)(2) because this Court lacks personal jurisdiction

---

[3]  It should be noted that any business relationship that the Illinois entity had with MBF –New York ended before the actions that plaintiff complains of took place.

over Mr. Healy and (b) pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim against Mr. Healy.

### A.  The Court Has No Personal Jurisdiction Over William Healy

This Court does not have personal jurisdiction over defendant Mr. Healy because Mr. Healy does not live, work or do business in New York, and because he did not perform any act in New York (or anywhere else for that matter) that gives rise to any of the claims asserted in the Complaint. Plaintiff therefore cannot establish either general jurisdiction over Mr. Healy under N.Y. C.P.L.R 301, or specific jurisdiction over Mr. Healy under N.Y.C.P.L.R. 302.

The sole allegation in the Amended Complaint that addresses Mr. Healy by name, paragraph 4, fails to set forth any facts on which jurisdiction could be based. No facts about Mr. Healy's connection to New York or connection to the Plaintiff's lease are alleged. Furthermore, no other allegations in the Amended Complaint support a claim that Mr. Healy performed any acts related to the Amended Complaint; much less that he performed those acts in New York.

The Amended Complaint fails to allege any contacts between Mr. Healy and New York because no such contacts exist. As set forth in the accompanying Declaration of William Healy, there can be no good faith allegation that Mr. Healy has sufficient contacts with New York for this Court to exercise personal jurisdiction. He lives and works in Illinois (Healy Aff., ¶3). He has no property, businesses, employees or bank accounts in New York (Healy Aff., ¶3). He has never lived in New York and he has had no contact with New York related to Plaintiff (Healy Aff., ¶¶ 8 and 9).

Mr. Healy had absolutely no involvement with, or knowledge of, Ms. Garner or the Lease, until being named in this action as a defendant. He has never met Ms. Garner, has never spoken to her, and has never had any other communication with her (Healy Aff., ¶ 8). Neither Mr. Healy, nor any company he was associated with, signed the lease (Healy Aff., ¶ 6). Moreover, Mr. Healy had no involvement with the solicitation, negotiation, execution or enforcement of the lease, which are the actions that give rise to the claims set forth in Plaintiff's complaint (Healy Aff., ¶ 8).

### 1.     Mr. Healy Is Not Subject to General Jurisdiction

N.Y. CPLR 301 provides that "A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." Under C.P.L.R. 301, general personal jurisdiction is established if a person[4] is "doing business" in New York. "The New York Court of Appeals has interpreted this provision to mean that a foreign [defendant] is amenable to suit in [New York] if it is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction."" *Realuyo v. Abrille*, 93 Fed.Appx. 297 (2nd Cir. Mar 29, 2004), *citing Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 536, 227 N.E.2d 851, 281 N.Y.S.2d 41 (1967), *cert. denied*, 389 U.S. 923 (1967) (internal quotation marks omitted). To determine whether a defendant is doing business in New York, a court

---

[4]     As the district court noted in *First Capital Asset Management, Inc. v. Brickelbush, Inc.*, 218 F.Supp.2d 369, 392 (S.D.N.Y. 2002), "New York courts do not agree on whether a natural person may be subject to "doing business" jurisdiction under Section 301. Compare ABKCO Indus., Inc. v. Lennon, 52 A.D.2d 435, 384 N.Y.S.2d 781 (1st Dept.1976), with *Nilsa B.B. v. Clyde Blackwell H.*, 84 A.D.2d 295, 445 N.Y.S.2d 579 (2d Dept.1981). In *Laufer v. Ostrow*, 55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982), the New York Court of Appeals sidestepped the issue, finding that, even assuming that an individual who in fact is doing business is subject to jurisdiction, the defendant's in-state activity was not sufficient to satisfy the doing-business standard. 55 N.Y.2d at 313-14, 449 N.Y.S.2d at 460-61, 434 N.E.2d 692." Here, as in *Laufer*, the Court also need not address the issue because Mr. Healy's in-state activity is clearly not sufficient to satisfy the doing business standard.

considers the following factors: "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *Digital Lab Solutions, LLC v. Stickler*, 2007 WL 700821 (S.D.N.Y. Mar 07, 2007); *see also Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000).  No single criterion is determinative in assessing whether general personal jurisdiction has been established. *Mones v. Commercial Bank of Kuwait, S.A.K.*, 2007 WL 2200706, * 3 (SDNY July 31, 2007).  Rather, the courts consider the totality of the defendant's contacts with the State. *Id*.

Here, none of the indicia of general jurisdiction are present.  Mr. Healy neither lives nor works in New York. He does not, and has not, worked for a company in New York.  Mr. Healy does not own property in New York, has no employees in New York and does not have bank accounts in New York.  There are simply no facts that would support a claim that Mr. Healy has engaged in a continuous and systematic course of doing business in the State.  Accordingly, he is not subject to general personal jurisdiction in New York.

### 2. Mr. Healy Is Not Subject to Specific Jurisdiction

Mr. Healy is also not subject to specific personal jurisdiction in New York under CPLR 302(a). The only provisions of CPLR 302(a) that could even arguably apply to Mr. Healy are CPLR 302(a)(2) and (3).  However, neither of these provisions permits this Court to exercise personal jurisdiction over Mr. Healy.

Pursuant to CPLR 302(a)(2), "…a court may exercise personal jurisdiction over any non-domiciliary… who in person…: (2) commits a tortious act within the state …" The statute "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." *Bensusan Restaurant Corp.*

*v. King*, 126 F.3d 25, 28-29 (2d Cir.1997), *citing Feathers v. McLucas*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965).

There is no allegation in the Complaint that Mr. Healy committed any act in the State of New York, much less a tortious act. Mr. Healy's affidavit demonstrates conclusively that he did not perform any acts in New York, much less any acts in connection with Plaintiff or Plaintiff's lease. Mr. Healy had no contacts with Plaintiff. He never met her and he never communicated with her. Given that Mr. Healy performed no acts in New York and that he performed no acts in connection with the Plaintiff or her lease, he cannot have committed a tortious act in New York giving rise to Plaintiff's claim.

Mr. Healy is also not subject to specific jurisdiction under C.P.L.R. 302(a)(3), which permits jurisdiction over a defendant who:

> commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce

First, the statute requires that an injury be caused to a "person or property within [New York]". It is undisputed that Plaintiff is a California resident (Amended Complaint, ¶2) and any injury caused by the acts alleged in the complaint would also have occurred in California. Accordingly, section 302(a)(3) is inapplicable for that reason alone.

Secondly, "[t]he exercise of jurisdiction pursuant to section 302(a)(3) requires, at a bare minimum, that the complaint adequately allege a tortious act committed by the [defendant]." *Anderson v. Indiana Black Expo, Inc.*, 81 F.Supp.2d 494, 504 (S.D.N.Y.2000). Mr. Healy did not commit a tortious act, either inside or outside New York that caused injury to Plaintiff. In fact Mr. Healy had absolutely no involvement with the Plaintiff or her lease.

Finally, to be subject to personal jurisdiction pursuant to Section 302(a) (3) a person must either "solicit business" in the New York or have performed acts "reasonably expected" to have consequences in New York. As shown by his affidavit, Mr. Healy did not and does not regularly solicit business in the State of New York. He also did not perform any acts related to Plaintiff's claims; much less acts that would be expected to have consequences in New York. Moreover, even if he had performed any acts related to Plaintiff's claims, he could not have "reasonably expected" those acts to have consequences in New York, given that Plaintiff lived and worked in California. For these reasons section 302(a)(3) also does not permit this Court to exercise personal jurisdiction over Mr. Healy.

Because there is neither general, nor specific, jurisdiction under CPLR 301 or 302 over Mr. Healy, the Amended Complaint should be dismissed as against him for lack of personal jurisdiction.

**B.    The Plaintiff Has Failed to State A Claim Against William Healy**

Mr. Healy hereby adopts the arguments and authorities set forth in the motion to dismiss filed by the remaining defendants in this case. Based on those arguments and authorities, the claims against Mr. Healy in the Amended Complaint should be dismissed

pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim against Mr. Healy upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, and set forth in the remaining defendants motion to dismiss the Amended Complaint pursuant to Rule 12(b) (6), this Court should dismiss the claims against Mr. Healy set forth in the Amended Complaint pursuant to Rules 12(b) (2) and (6) because (1) this Court lacks personal jurisdiction over Mr. Healy and (2) Plaintiff has failed to state a claim against Mr. Healy upon which relief can be granted.

Dated:  April 9, 2008

                                          Attorneys for Defendants

                                          By: /S/ John M. Heaphy

OF COUNSEL (Admitted pro hac vice)
    John M. Heaphy
    HARRISON & Held
    333 West Wacker, Suite 1700
    Chicago, Illinois  60606
    Tel.  312-753-6160
    Fax.  312-753-6159
    jheaphy@harrisonheld.com

Abraham Skoff (AS \_\_\_\_)
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
Tel. 212-554-7800
Fax 212-554-7700
askoff@mosessinger.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rhonda Garner d/b/a Decor Specialties,
on behalf of herself and all others similarly situated,

    Plaintiff,

v.

MBF Leasing, LLC, Lina Kravic, Brian Fitzgerald,
Sam Buono, and William Healy,

    Defendants.

Case No. 07 CV 5607

Judge Conner

## AFFIDAVIT OF WILLIAM HEALY

I, William Healy, state and depose as follows:

1. I am over eighteen years of age and I have personal knowledge of the facts stated herein.

2. I am not currently, and never have been, an officer, director, employee, member or manager of MBF Leasing, LLC that was organized under the laws of the State of New York and is a named defendant in this action ("MBF-New York").

3. I do not reside in New York. I have never resided in New York. I have had no dealings with the plaintiff or her lease in either New York or anywhere else. I do not own property in New York, I have no employees in New York and I have no bank accounts in New York.

4. My only relationship to MBF-New York, was that a company in which I own an interest had a contractual relationship with MBF-New York. The name of that company was also MBF Leasing, LLC ("MBF-Illinois").

5. MBF-Illinois was organized under the laws of the state of Illinois, had its only place of business in Illinois and its ownership was entirely distinct from the

ownership of MBF. MBF-Illinois has never had any offices or employees in New York, it is not qualified to do business in New York and it has not conducted any business in New York.

6. Neither I, nor MBF-Illinois, ever signed any leases on behalf of MBF-New York.

7. In late 2005 MBF-Illinois sold its assets to MBF-New York. Those assets consisted mainly of obligations on the part of MBF-New York to make payments to MBF-Illinois pursuant to the contract between the two entities. Following the sale MBF-Illinois changed its name to MBF Merchant Capital, LLC.

8. I have never had any contact with Rhonda Garner. I was not involved in soliciting, negotiating, executing, collecting on or enforcing the lease with Ms. Garner or any other lease signed by MBF-New York.

9. I have had no contact with the State of New York relating to Ms. Garner's lease.

10. My contact with New York related to contractual relationship between MBF-New York and MBF-Illinois consisted of one trip to New York prior to signing the initial contract. Following that trip, all discussions and communications were by telephone, facsimile or email.

FURTHER SAYETH AFFIANT NOT.

VERIFICATION

Pursuant to 28 U.S. Code Section 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
William Healy