UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

RHONDA GARNER D/B/A DÉCOR
SPECIALTIES, ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED,

                    Plaintiffs,

                - against -

MBF LEASING, LLC, LINA KRAVIC, BRIAN
FITZGERALD, SAM BUONO, AND WILLIAM
HEALY,

                    Defendants.

———————————————————— x

07 CV 5607 (CM) (RLE)

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY DEFENDANT BRIAN FITZGERALD TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION <u>AND FAILURE TO STATE A CLAIM</u>

**MOSES & SINGER LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800

*Attorneys for defendant Brian Fitzgerald*

Of Counsel:

Abraham Y. Skoff, Esq.
Robert D. Lillienstein, Esq.

## Preliminary Statement

Defendant Brian Fitzgerald ("Fitzgerald"), by his counsel, Moses & Singer LLP, respectfully moves this Court, pursuant to Rule 12(b), Fed. R. Civ. P, for an order dismissing the First Amended Class Action Complaint of plaintiff, Rhonda Garner d/b/a Décor Specialties, dated November 15, 2007 ("Amended Complaint"), asserted on behalf of herself and others similarly situated (collectively, "Plaintiff"). The basis of this motion is that: (i) the Court lacks personal jurisdiction over Fitzgerald;[1] and (ii) the Amended Complaint fails to state a claim upon which relief may be granted against Fitzgerald.

## Statement of Facts

The facts pertinent to that branch of this motion that seeks to dismiss the Amended Complaint for lack of personal jurisdiction are set forth in the accompanying Declaration of Brian Fitzgerald, dated April 4, 2008 (the "Fitzgerald Declaration" or "Fitzgerald Decl."). The facts underlying the balance of this motion are set forth in the Declaration of Abraham Y. Skoff, dated April 9, 2008 (the "Skoff Declaration" or "Skoff Decl."), and in the documents annexed as exhibits thereto. Those facts are discussed in some detail in the Memorandum of Law in Support of Defendants MBF Leasing Inc., Lina Kravic, Brian Fitzgerald and Sam Buono To Dismiss the First Amended Class Action Complaint ("Defendants' Memorandum" or "Defs' Mem."). Defendants' Memorandum is incorporated herein by reference.

---

[1]     Fitzgerald also moves to dismiss the Amended Complaint under Rule 12(b)(6), Fed. R. Civ. P, on the grounds that it fails to state a claim upon which relief may be granted. In support thereof, Fitzgerald hereby incorporates by reference, the arguments made by defendants MBF Leasing, LLC, Lina Kravic and Sam Buono, in support of their motion to dismiss the Amended Complaint, as set forth in the declarations and brief that these defendants submit herewith, in support of their motion.

The Amended Complaint names four individuals as defendants – Fitzgerald, Lina Kravic, Sam Buono and William Healy (the "Individual Defendants").[2] The sole allegation in the Amended Complaint that addresses Fitzgerald is found in paragraph 5. Paragraph 5 alleges only that Fitzgerald is the "Executive Vice President of MBF's business development." Am. Compl. ¶ 5. The Amended Complaint fails to set forth any facts upon which jurisdiction over Fitzgerald could be based; it is devoid of any facts about Fitzgerald's alleged connection to New York or to the claims alleged in the Amended Complaint. As set forth in the accompanying Fitzgerald Declaration, Fitzgerald does not have sufficient contacts with New York. Therefore, there can be no good faith allegation that this Court has personal jurisdiction over him.[3]

As conceded by Plaintiff, Fitzgerald is a citizen of Illinois. Am. Compl. ¶ 8. He has lived his entire life in Oak Park, Illinois. Fitzgerald Decl. ¶ 6. He does not own any property in New York. Id. He does not have a bank account in New York, and he does not have a mailing address in New York. Id. Fitzgerald has never had an office in New York City. Id. at ¶ 1. His office has been located at 283 West 83rd Street, Burr Ridge, Illinois, for the entire time that he has been employed by MBF LLC. Id.

Fitzgerald did not become an employee of MBF until January 19, 2006. Fitzgerald Decl. ¶ 2. The claims asserted in the Amended Complaint involve allegations

___

[2] A copy of the Amended Complaint is annexed to the Skoff Decl. as Exhibit D.

[3] Defendants raised this jurisdictional defect as to defendant Fitzgerald in response to Plaintiff's original complaint. See Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, dated October 5, 2007, Docket Sheet No. 8 (Entered 10/05/2007). Plaintiff amended its pleading purportedly to correct certain defects raised in Defendants' earlier motion. See Stipulation and Order, dated November 6, 2007 (Conner, U.S.D.J.), granting Plaintiff leave to amend the complaint in lieu of responding to Defendants' motion to dismiss. Docket Sheet No. 10 (Entered 11/07/2007). Plaintiff's failure to allege facts on which jurisdiction as to Fitzgerald might be based nevertheless continues, and cannot be regarded as accidental.

of fraudulent misrepresentations and omissions that allegedly induced Plaintiff to execute the Lease on January 5, 2005. Id. Fitzgerald was not employed by MBF until more than a year after the Lease was entered into. Id. Accordingly, the allegation in paragraph 4 of the Amended Complaint, that the Individual Defendants "are the masterminds behind the fraudulent scheme at issue," even if true, could not possibly be true as to Fitzgerald.

## Argument

### THE COURT LACKS PERSONAL JURISDICTION OVER BRIAN FITZGERALD

This Court does not have personal jurisdiction over defendant Brian Fitzgerald because Fitzgerald does not live, work or do business in New York, and because he did not do anything, either inside or outside of New York, that gives rise to jurisdiction over him.

### A.    Fitzgerald Is Not Subject to General Jurisdiction

New York Civil Practice Law and Rules ("CPLR") § 301 provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." Under CPLR § 301, general personal jurisdiction is established if a person is "doing business" in New York. "The New York Court of Appeals has interpreted this provision to mean that a foreign [defendant] is amenable to suit in [New York] if it is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Realuyo v. Abrille, 93 Fed. Appx. 297 (2d Cir. 2004) (citing Frummer v. Hilton Hotels Int'l, Inc., 19 N.Y.2d 533, 536 (1967), cert. denied, 389 U.S. 923 (1967)) (internal quotation marks omitted). To determine whether a defendant is doing business in New York, a court considers the

following factors: "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." Digital Lab Solutions, LLC v. Stickler, 2007 WL 700821 (S.D.N.Y. Mar. 7, 2007) (unpublished opinion annexed hereto); see also Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir. 2000). No single criterion is determinative in assessing whether general personal jurisdiction has been established. See Mones v. Commercial Bank of Kuwait, S.A.K., 2007 WL 2200706, at *3 (S.D.N.Y.)

Here, none of the indicia of general jurisdiction are present. Fitzgerald neither lives nor works in New York. Fitzgerald Decl. ¶¶ 1, 6. He has attended exactly one business meeting in New York, at the time he was hired by MBF, and that meeting had nothing to do with Plaintiff. Id. ¶ 4. Therefore, Fitzgerald has not engaged in a continuous and systematic course of doing business in the state.

Moreover, the issue of whether a natural person may be subject to "doing business" jurisdiction under Section 301 is not entirely clear under New York jurisprudence. See First Capital Asset Management, Inc. v. Brickelbush, Inc., 218 F. Supp. 2d 369, 392 (S.D.N.Y. 2002) ("New York courts do not agree on whether a natural person may be subject to "doing business" jurisdiction under Section 301"); compare ABKCO Indus., Inc. v. Lennon, 52 A.D.2d 435 (1st Dep't 1976), with Nilsa B.B. v. Clyde Blackwell H., 84 A.D.2d 295 (2d Dep't 1981).

In Laufer v. Ostrow, 55 N.Y.2d 305, 313-14 (1982), the New York Court of Appeals sidestepped the issue, finding that, even assuming that an individual who in fact is doing business is subject to jurisdiction, the defendant's in-state activity was not

sufficient to satisfy the doing-business standard. Here, as in <u>Laufer</u>, it is unnecessary for the Court to reach the issue, because Fitzgerald's in-state activity does not satisfy the doing business standard.

**B.     <u>Fitzgerald Is Not Subject to Specific Jurisdiction</u>**

Fitzgerald is also not subject to specific personal jurisdiction in New York under CPLR § 302(a)(2) or (a)(3).

Pursuant to CPLR § 302(a)(2), "… a court may exercise personal jurisdiction over any non-domiciliary … who in person …:  (2) commits a tortious act within the state …" The statute "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." <u>Bensusan Restaurant Corp. v. King</u>, 126 F.3d 25, 28-29 (2d Cir. 1997) (citing <u>Feathers v. McLucas</u>, 15 N.Y.2d 443 (1965)).  There is no allegation in the Amended Complaint that Fitzgerald committed a tortious act in New York State; the Fitzgerald Declaration demonstrates conclusively that he did not.  Fitzgerald was not even employed by MBF until more than a year after Plaintiff entered into her Lease.  Fitzgerald Decl. ¶ 2.  Fitzgerald has had no contacts whatsoever with Ms. Garner; he has never met her, nor has he ever communicated with her.  <u>Id</u>. at ¶ 3.  Fitzgerald, therefore, has not committed a tortious act in New York State giving rise to any of Ms. Garner's claims.

For the same reason, Fitzgerald is also not subject to specific jurisdiction under CPLR § 302(a)(3), which applies to tortious acts without the state causing injury to persons or property within the state.  "The exercise of jurisdiction pursuant to section 302(a)(3) requires, at a bare minimum, that the complaint adequately allege a tortious act committed by the [defendant]." <u>Anderson v. Indiana Black Expo, Inc.</u>, 81 F. Supp. 2d

494, 504 (S.D.N.Y. 2000). Fitzgerald did not commit a tortious act – inside or outside of New York – that caused injury to Plaintiff.

### Conclusion

Because there is neither general nor specific jurisdiction over Fitzgerald, the Amended Complaint should be dismissed as against him for lack of personal jurisdiction. In addition, for the reasons set forth in the Defendants' Memorandum, the Amended Complaint should be dismissed as to Fitzgerald, for failure to state a claim.

Dated: New York, New York
April 9, 2008

MOSES & SINGER LLP
*Attorneys for defendant Brian Fitzgerald*

By: _____
        Abraham Y. Skoff, Esq. (AS-5330)
        Robert D. Lillienstein, Esq. (RL-4585)
    405 Lexington Avenue
    New York, New York 10174
    (212) 554-7800 (telephone)
    (212) 554-7700 (facsimile)
    *askoff@mosessinger.com*
    *rlillienstein@mosessinger.com*

683326v4  011082.0102

6